CLARK, Respondent, v. GUSTAFSON, Appellant.

(192 N. W. 760.)

(File No. 5190. Opinion filed March 14, 1923.)

1.  **Evidence—Value—Evidence As To Value of Stock Delivered Held Inadmissible to Prove Value of Stock Not Delivered.**

    Where plaintiff sold to defendant a boar and four gilts, receiving a note in part payment, but delivery of one of the gilts had not been made, in a suit on the note, evidence of the value of the boar and of the delivered gilts was inadmissible to show the value of the undelivered gilt for which defendant was entitled to an offset.

2.  **Appeal and Error—Evidence—Error in Striking Out Evidence Held Harmless.**

    Where, in an action on a note for hogs purchased, the court struck out evidence in relation to one gilt that had not been delivered and for which defendant was entitled to an offset, held, that error in striking such evidence was not prejudicial to defendant, who had failed to show that the gilt not delivered had a value.

Appeal from Circuit Court, Brown County; Hon. W. F. Eddy, Judge.

Action by W. J. Clark against Carl J. Gustafson. From judgment for plaintiff, and from order denying a new trial, defendant appeals. Affirmed.

*Williamson, Williamson & Smith,* of Aberdeen, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

GATES, J.    Plaintiff sold defendant a Hampshire boar and four gilts, and executed the following receipt:

"Aberdeen, South Dakota, March 8, 1920.

"Received of Carl J. Gustafson check for $2,500.00 and note for $2,500.00 in full payment of the following Hampshire hogs: Cherokee Parole 3d, No. 78649, two best gilts of July 2, 1919, farrow, sired by Cherokee Parole, 41383, produce of Clara J., 127892, and two very choice gilts bred to Cherokee Parole 3d.

"W. J. Clark."

Upon the check for $2,500 mentioned in the receipt, there was indorsed "Half payment on boar." Defendant testified that such indorsement was not in his handwriting, but the fair inference

from his testimony is that he knew such indorsement was made. Plaintiff delivered to defendant the boar, Cherokee Parole 3d, and two gilts of the July farrow, and one other bred gilt only. The defendant refused to pay the promissory note for $2,500, and this action was brought to enforce payment. Upon the trial the court directed a verdict for plaintiff for the full amount of the note with interest. Defendant appeals from the judgment and an order denying new trial.

[1] It must be conceded that defendant was entitled to an offset for the value of the undelivered gilt. The written receipt required the delivery of that gilt, even though plaintiff's theory is correct that $5,000 was the selling price of the boar and that the gilts were thrown in. But it also must be conceded that it was defendant's duty to prove the value of the undelivered gilt. This the defendant did not seek to do, except perhaps in a most circuitous way. He sought to prove the value of the boar and of the delivered gilts presumably for the purpose of deducting such value from the total sale consideration and thus to show that the remainder would be the value of the undelivered gilt. The trial court very properly rejected such testimony. The value of the boar and of the delivered gilts was not in issue. The issue was the value of the undelivered gilt. Defendant did not take the straightforward course of offering evidence to prove such value.

[2] Defendant attempted to prove an offset for time and money expended in the pursuit of the undelivered gilt. While the testimony in relation thereto was vague, uncertain, indefinite, and inconclusive, we hardly think the trial court was justified in striking it all from the record, but defendant is not in position to assert prejudicial error upon such ruling. He has not shown that the undelivered gilt had a value therefore, the ruling was not prejudicial to him.

Perceiving no prejudicial error in the record, the judgment and order appealed from are affirmed.

Note—Reported in 192 N. W. 760. See American Key-Numbered Digest, (1) Evidence, Key-No. 113(22), 22 C. J. Sec. 89; (2) Appeal and Error, Key-No. 1047(3), 4 C. J. Sec. 2948.